IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02781-WYD-MEH

MALIBU MEDIA, LLC,

    Plaintiff,

v.

GREGORY YAMAGUCHI,

    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff's partially unopposed Motion to Strike Defendant's Affirmative Defenses [filed March 11, 2014; docket #23]. In accordance with 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the motion is referred to this Court for recommendation. (Docket #27.) Defendant filed a response to the motion on April 14, 2014; the Court finds that oral argument will not assist in the adjudication of the motion. For the reasons that follow, the Court RECOMMENDS Plaintiff's Motion be **granted in part and denied in part**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

## BACKGROUND

Plaintiff initiated this action on October 11, 2013, alleging that then-John Doe Defendant, identified only by his Internet Protocol ("IP") address, infringed on Plaintiff's copyrighted work by using the internet and a "BitTorrent" protocol to reproduce, distribute, display, or perform Plaintiff's protected films. In an effort to identify the alleged infringer, Plaintiff requested permission from the Court to serve limited, immediate discovery on the Doe Defendant's Internet Service Provider ("ISP") prior to the Rule 26(f) conference. (Docket #3.) The Court determined that Plaintiff had shown good cause for limited expedited discovery and granted Plaintiff's motion in part. (Docket #9.) In particular, the Court authorized Plaintiff to serve a third party subpoena pursuant to Fed. R. Civ. P. 45 on the identified ISP for the limited purpose of ascertaining the identity of the Doe Defendant as set forth in Plaintiff's Complaint. The Court directed that the subpoena be limited to providing Plaintiff with the true name, address, telephone number, and email address of the Defendant to whom the ISP had assigned an IP address. With the subpoena, the Court directed Plaintiff to serve a copy of its order. Finally, the Court emphasized that Plaintiff could only use the information disclosed in response to the subpoenas for the purpose of protecting and enforcing its rights as set forth in its Complaint [docket #1]. The Court cautioned Plaintiff that improper use of this information could result in sanctions.

In accordance with the Court's order, Plaintiff served a Rule 45 subpoena on Defendant's ISP and obtained his identity. Thereafter, Plaintiff filed an Amended Complaint on January 7, 2013, naming Mr. Yamaguchi as a Defendant. (Docket #12.) Defendant filed his Answer to Plaintiff's Amended Complaint on February 11, 2014, asserting ten (10) affirmative defenses. (Docket #17.)

Plaintiff filed the present motion to strike certain affirmative defenses listed in the Answer

on March 11, 2014. (Docket #23.) Defendant was granted an extension of time (docket #29) and filed his response to the motion on April 14, 2014 (docket #30). The Court is now sufficiently advised and recommends as follows.

## LEGAL STANDARDS

Rule 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of Rule 12(f) is to save the time and money that would be spent litigating issues that will not affect the outcome of the case." *Kimpton Hotel & Rest. Group, LLC v. Monaco Inn, Inc.*, No. 07-cv-01514-WDM, 2008 WL 140488, at *1 (D. Colo. Jan. 11, 2008) (citing *United States v. Shell Oil Co.*, 605 F. Supp. 1064, 1085 (D. Colo. 1985)). Striking a portion of a pleading is a drastic remedy; the federal courts generally view motions to strike with disfavor and infrequently grant such requests. 5C Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1380 (3d ed. 2011). Whether to strike an affirmative defense rests within the discretion of the trial court. *Anderson v. Van Pelt*, No. 09-cv-00704-CMA, 2010 WL 5071998, at *1 (D. Colo. Dec. 7, 2010) (citing *Vanderhurst v. Colo. Mountain Coll. Dist.*, 16 F. Supp. 2d 1297, 1303 (D. Colo. 1998)).

"An affirmative defense is insufficient if, as a matter of law, the defense cannot succeed under any circumstance." *Unger v. US West, Inc.*, 889 F. Supp. 419, 422 (D. Colo. 1995). The standard articulated in *Unger* continues to be the appropriate standard. For the reasons stated herein, the Court holds that an affirmative defense is sufficient if stated "in short and plain terms" pursuant to Rule 8(b)(1)(A), and if the movant fails to demonstrate that the defense cannot succeed under any circumstance.

## ANALYSIS

Plaintiff's motion seeks to strike Defendant's first, second, fourth, fifth, eighth and tenth affirmative defenses. Defendant does not oppose an order striking his first ("failure to state a claim"), second ("no standing"), fourth (failure to timely register) and fifth ("not real party in interest") defenses, and the Court finds these defenses cannot succeed under any circumstance in this case; thus, the Court will recommend striking the first, second, fourth and fifth defenses. The Court's remaining analysis will focus on the eighth defense titled "copyright misuse" and the tenth defense titled "failure to mitigate damages." With the aforementioned legal principles in mind, the Court will consider each of the challenged defenses in turn.

### I.     Eighth Defense: Copyright Misuse

In his Eighth Defense, Defendant asserts "Plaintiff is misusing alleged copyrights for purposes outside the scope and intent of the applicable copyright statutes." Answer, docket #17 at 4. Citing Fed. R. Civ. P. 8(b)(1)(A), Plaintiff contends that Defendant failed to allege "even a single fact in support of his defense." Docket # 23 at 3. Defendant explains in his response brief that he alleges "Plaintiff is utilizing copyright laws not for protection of its copyrighted works, but rather as a means of generating revenue, which may exceed the value of the works themselves." Docket #30 at 3.

First, the Court finds that Defendant's stated affirmative defense is sufficient under Rule 8(b) governing the pleading of defenses. As this Court previously held:

> Although Rules 8(a)(2) and 8(b)(1)(A) both employ the terms "short and plain," Rule 8(b)(1)(A) lacks the requirement stated in Rule 8(a)(2) that the statement show "that the pleader is entitled to relief." Rule 8(c) corroborates this distinction by laying out the specific rules for pleading an affirmative defense, without any mention of showing an entitlement to such defense through the inclusion of factual support. Practical considerations further support this finding; like the *Holdbrook* court, this

> Court believes it is untenable to require a defendant to plead an affirmative defense with the same level of thoroughness required to state a claim for relief, considering the limited time frame to produce an answer. Moreover, discovery is oftentimes needed to fully explore relevant defenses, as the grounds for certain defenses may rely on a plaintiff's own conduct. A short and plain statement of the affirmative defense (which of course must comport with Rule 11(b)'s requirements) provides notice to a plaintiff, who can then use the discovery process to investigate more fully the factual basis supporting the defense.

*Michaud v. Greenberg & Sada, P.C.*, No. 11-cv-01015-RPM-MEH, 2011 WL 2885952, at *4 (D. Colo. July 18, 2011) (citing *Holdbrook v. SAIA Motor Freight Line, LLC*, No. 09-cv-02870-LTB, 2010 WL 865380, at *2 (D. Colo. Mar. 8, 2010) and *Cagle v. The James St. Grp.*, 400 F. App'x 348, 355 (10th Cir. 2010)). Here, the Court finds that the eighth defense, as stated, puts the Plaintiff on notice of Defendant's claimed defense.

Moreover, to the extent that the Plaintiff argues Defendant has failed to demonstrate that the Plaintiff has "misused" the copyright law, the Court finds that such theory involves the issue of motive, which is generally reserved for the factfinder. Likewise, to the extent that the Plaintiff argues a "misuse" defense cannot be asserted if the allegation is merely that Plaintiff has filed a suit for infringement, the Court finds that Defendant has sufficiently explained his theory in this matter.

Accordingly, the Court recommends the District Court **deny** Plaintiff's motion to strike the Defendant's Eighth Affirmative Defense.

## II. Tenth Defense: Failure to Mitigate

For his Tenth Defense, Defendant states "Plaintiff may have failed to mitigate its damages, if any all of which are specifically denied." Answer, docket #17 at 4. Plaintiff contends that failure to mitigate is not a valid defense in copyright actions in which a plaintiff seeks only statutory damages. Because Plaintiff has elected to recover statutory rather than actual damages in this case, Plaintiff argues the tenth defense should be stricken. Defendant counters that, although he agrees

in a typical case that Plaintiff's theory is proper, this is an unusual case in which Plaintiff allowed infringements to occur over a year-long period rather than pursuing its rights before the year was up.  The Court agrees that a copyright plaintiff's exclusive pursuit of statutory damages invalidates a failure-to-mitigate defense. *See Moothart v. Bell*, 21 F.3d 1499, 1506-07 (10th Cir. 1994) (finding that mitigation of damages did not apply to statutory penalty); *see also Arista Records, Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 422 (D. N.J. 2005) (mitigation of damages defense not appropriate in copyright infringement case where plaintiffs sought only statutory damages).  Moreover, Defendant cites no authority for the proposition that Plaintiff had a duty to preemptively notify or warn copyright infringers that they were "caught." *See Home Design Servs., Inc. v. Trumble*, No. 09-cv-00964-WYD, 2011 WL 843900, at *3 (D. Colo. Mar. 8, 2011) (granting summary judgment on the affirmative defense of failure to mitigate in a copyright case stating, "[e]ven if [Plaintiff] was aware of possible infringements of its copyrights in the same geographic area as the [Defendants], [Plaintiff] had no duty to preemptively warn individuals like the [Defendants] not to violate copyright law.").

Because Plaintiff's Amended Complaint requests only statutory damages and Defendant provides no authority for its theory in this matter, Defendant's tenth defense cannot succeed under any present circumstance and this Court recommends that the defense be stricken.

## CONCLUSION

As described above, the Court finds that Defendant's First, Second, Fourth, Fifth and Tenth Defenses should be stricken, but concludes that Defendant's Eighth Affirmative Defense is properly alleged.  Accordingly, this Court respectfully RECOMMENDS that Plaintiff's partially unopposed Motion to Strike Defendant's Affirmative Defenses [filed March 11, 2014; docket #23] be **granted**

**in part and denied in part** as set forth herein.

Entered and dated at Denver, Colorado, this 22nd day of April, 2014.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge