IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   13-cv-02781-WYD-MEH

MALIBU MEDIA, LLC,

    Plaintiff,

v.

GREGORY YAMAGUCHI,

    Defendant.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

THIS MATTER is before the Court in connection with "Plaintiff's Motion to Strike Defendant's Affirmative Defenses" filed March 11, 2014.  This motion was referred to Magistrate Judge Hegarty for a recommendation.  A Recommendation of United States Magistrate Judge was issued on April 22, 2014, and is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).  Magistrate Judge Hegarty recommends therein that Plaintiff's Motion to Strike Defendant's Affirmative Defenses be granted in part and denied in part.  (Recommendation at 1, 6-7.)

More specifically, Magistrate Judge Hegarty notes that Plaintiff's motion seeks to strike Defendant's first, second, fourth, fifth, eighth and tenth affirmative defenses. (Recommendation at 4.)  He further notes that Defendant does not oppose an order striking his first ("failure to state a claim"), second ("no standing"), fourth (failure to timely register) and fifth ("not real party in interest") defenses, and Magistrate Judge Hegarty

"finds these defenses cannot succeed under any circumstance in this case". Accordingly, he recommends striking these defenses. (*Id.*) Magistrate Judge Hegarty then turns to eighth defense titled "copyright misuse" and recommends that Plaintiff's motion to strike be denied as to this defense because, among other things, it is sufficient under Fed. R. Civ. P. 8(b) and involves motive, which is generally reserved for the factfinder. (*Id.* at 4-5.) He recommends, however, that the motion to strike be granted as to the tenth defense titled "failure to mitigate damages" as the "Amended Complaint requests only statutory damages and Defendant provides no authority for its theory in this matter." (*Id.* at 6.)

Magistrate Judge Hegarty advised the parties that written objections were due within fourteen (14) days after service of the Recommendation. (Recommendation at 1 n. 1.) Despite this advisement, no objections were filed to the Recommendation. No objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[1] See Fed. R. Civ. P. 72(b) Advisory Committee Notes.

---

[1] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record. I find the Recommendation is well reasoned and that is rationale for granting in part and denying in part Plaintiff's motion to strike is sound. Accordingly, it is

ORDERED that the Recommendation of United States Magistrate Judge dated April 22, 2014 (ECF No. 31) is **AFFIRMED and ADOPTED**. In accordance therewith, it is

ORDERED that Plaintiff's Motion to Strike Defendant's Affirmative Defenses filed March 11, 2014 (ECF No. 23) is **GRANTED IN PART AND DENIED IN PART**. It is **GRANTED** as to the first, second, fourth, fifth and tenth affirmative defenses, and these defenses are **STRICKEN**. It is **DENIED** as to the eighth affirmative defense (copyright misuse).

Dated: May 16, 2014

BY THE COURT:

s/ Wiley Y. Daniel  
Wiley Y. Daniel  
Senior United States District Judge